# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re </br>     JASON DEAN CLARK </br>                   Debtor | Case No. 21-16109-KHT </br> Chapter 7 |
|     DAVID E. LEWIS </br>     Chapter 7 Trustee, </br> </br>                   Plaintiff </br> </br> v. </br> </br>     LAW OFFICES OF AMBER FLORIO, PLLC </br>     DBA THE COMMONWEALTH LAW GROUP </br> </br>                   Defendant | Adversary Proceeding No. |

## COMPLAINT

David E. Lewis, Chapter 7 Trustee, by and through his counsel, The Johnson Law Firm, for his Complaint against Law Offices of Amber Florio, PLLC dba The Commonwealth Law Group as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (H).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7001-1.

5. Plaintiff David E. Lewis consents to entry of final orders or judgment by the bankruptcy court in this adversary proceeding.

## **PARTIES AND STANDING**

6. Plaintiff David E. Lewis (the "Trustee") is the duly appointed Chapter 7 trustee of the bankruptcy estate of Jason Dean Clark (the "Debtor"), Case No. 21-16109-KHT.

7. The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on or about December 16, 2021 (the "Petition Date").

8. Upon information and belief, the Debtor was a resident of Colorado at all times relevant to this Complaint.

9. Upon information and belief, Defendant is a Texas professional limited liability company with its principal place of business located at 420 Throckmorton St., Suite 200, Fort Worth, TX 76102.

10. Upon information and belief, on or about September 24, 2019, the Debtor entered into an agreement with Defendant as part of a purported attorney-based debt-resolution program (the "Agreement").

11. Upon information and belief, the Defendant's services as an intermediary between the Debtor and his creditors were not provided in the course of a Colorado-licensed attorney providing legal services to the Debtor.

12. Upon information and belief, the Defendant was a "provider" of "debt-management services" to the Debtor as such terms are defined by the Colorado Uniform Debt-Management Services Act, C.R.S. § 5-19-202.

13. Upon information and belief, Defendant was not registered in Colorado as a debt-management services provider prior to providing debt-management services to the Debtor.

14. Upon information and belief, between September 24, 2019 and the Petition Date, the Debtor paid $23,415.60 to the Defendant as part of the debt-management services program.

15. Upon information and belief, the Agreement was not compliant with C.R.S. § 5-19-219.

16. Upon information and belief, the Defendant imposed a fee or other charge or received money or other payments from the Debtor not authorized pursuant to C.R.S. § 5-19-223.

17. Upon information and belief, the Defendant directed a portion of the $23,415.60 that the Debtor paid to Defendant toward payment of fees for the Defendant's debt-management services.

18. Upon information and belief, Defendant failed to provide "reasonably equivalent value" in exchange for Debtor's payment of fees.

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Transfer - 11 U.S.C. § 548(a)(1)(B))**

19. The Trustee incorporates by this reference the allegations contained in paragraphs 1 through 18 above as though more fully set forth in this First Claim for Relief.

20. Between September 24, 2019 and the Petition Date, the Defendant directed a portion of the $23,415.60 that the Debtor paid to Defendant toward payment of fees for the Defendant's debt-management services (the "Transfer").

21. The Transfer was made within two years of the Petition Date.

22. The Debtor received less than reasonably equivalent value in exchange for the Transfer.

23. On the date that the Transfer was made, the Debtor was either:

   a. insolvent or became insolvent as a result of the Transfer;

   b. engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or,

   c. intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

24. As a result of the foregoing, the Transfer is avoidable by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(B).

**SECOND CLAIM FOR RELIEF**
**(Recovery of Property of the Estate 11 U.S.C. § 542**
**Violation of the Colorado Uniform Debt Management Services Act**
**C.R.S. § 5-19-201 *et seq*)**

25. The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 24 above as though more fully set forth in this Second Claim for Relief.

26. Pursuant to 11 U.S.C. § 541, the estate consists of all legal or equitable interests of the Debtor at the commencement of the case including causes of action.

27. Pursuant to 11 U.S.C. § 542, the Trustee is entitled to turnover of property of the estate.

28. Upon information and belief, the Defendant's debt-management services were not provided in the course of a Colorado-licensed attorney providing legal services to the Debtor.

29. Upon information and belief, the Defendant was a "provider" of "debt-management services" to the Debtor as defined by C.R.S. § 5-19-202.

30. Upon information and belief, the Agreement was not compliant with C.R.S. § 5-19-219.

31. Upon information and belief, the Defendant imposed a fee or other charge or received money or other payments from the Debtor not authorized pursuant to C.R.S. § 5-19-223.

32. The Debtor's Agreement is voidable by the Trustee pursuant to C.R.S. § 5-19-225(a).

33. As a result of the foregoing, the Trustee has the right of private enforcement and to recover damages of three times the total amount of the fees, charges, money, and payments made by the Debtor to the Defendant, $70,246.80, reasonable attorney fees and costs pursuant to C.R.S. § 5-19-235(b).

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Defendant, (a) avoiding the Transfer to the Defendant pursuant to 11 U.S.C. § 548(a)(1)(B); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the Transfer or the value thereof from Defendant; (c) requiring the turnover of property pursuant to 11 U.S.C. § 542 of three times the total amount of the fees, charges, money, and payments made by the Debtor to the Defendant, $70,246.80, reasonable attorney fees and costs pursuant to C.R.S. § 5-19-235(b); and (d) granting such other relief as the Court deems appropriate.

DATED May 26, 2022.

Respectfully submitted,

THE JOHNSON LAW FIRM

/s/ Lars Johnson
*Original Signature on File*
Lars Johnson, #34344
PO Box 10
Eagle, CO 81631
Phone: 970-688-0436
Lars_johnson@me.com
Attorneys for the Trustee